1 | GEORGE S. CARDONA
United States Attorney
2 | THOMAS P. O'BRIEN
Assistant United States Attorney
3 | Chief, Criminal Division
STEVEN M. ARKOW (State Bar No. 143755)
4 | Assistant United States Attorneys
Public Integrity & Environmental Crimes Section
5 |   1305 United States Courthouse
    312 North Spring Street
6 |   Los Angeles, California 90012
    Telephone:  (213) 894-6975
7 |   Facsimile:  (213) 894-6436
    Email:      steven.arkow@usdoj.gov
8 |
Attorneys for Plaintiff
9 | United States of America

10 |                 UNITED STATES DISTRICT COURT

11 |           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 |

13 | UNITED STATES OF AMERICA,     )   NO. CR 06-891-DSF
                                  )
14 |          Plaintiff,          )   JOINT PROPOSED JURY
                                  )   INSTRUCTIONS AND DISPUTED JURY
15 |      v.                      )   INSTRUCTIONS
                                  )
16 | ANDREW WARD FREYER,          )   (ANNOTATED SET)
                                  )
17 |          Defendant.          )   Trial: August 7, 2007
     _____)

18 |

19 |      Plaintiff, United States of America, and defendant Andrew

20 | Ward Freyer, through his attorney of record, H. Dean Steward,

21 | hereby file Joint Proposed Jury Instructions and Disputed Jury

22 | Instructions (Annotated Set) pursuant to the Court's Criminal

23 | Motion and Trial Order section on "Jury Instructions, Verdict

24 | Forms & Questionnaires." (Section D).

25 |      Counsel for defendant has reviewed the proposed joint

26 | instructions and has requested that counsel for the government

27 | file them as the parties' joint instructions.  In addition, the

28 | government proposes three additional instructions which defendant

objects to, at least in part.  The government includes these three proposed instructions in the section marked "Disputed Jury Instructions" and provides the defense objection and government's response to the objection and authority in support of the instruction.

Leave is respectfully requested to delete or include such other and additional instructions as may become appropriate during the course of trial.

Dated: July 31, 2007

Respectfully submitted,

GEORGE S. CARDONA
United States Attorney

THOMAS P. O'BRIEN
Assistant United States Attorney
Chief, Criminal Division

STEVEN M. ARKOW
Assistant Unites States Attorney
Public Integrity & Environmental
Crimes Section

**(authorized to file)**

H. DEAN STEWARD
Counsel for Defendant
Andrew Ward Freyer

**INDEX**

**JOINT PRELIMINARY INSTRUCTIONS**

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 1 | Duty of Jury | Ninth Circuit Model Jury Instruction No. 1.1 (2003 ed.) | 3 |
| 2 | The Charge - Presumption of Innocence | Ninth Circuit Model Jury Instruction No. 1.2 (2003 ed.) | 4 |
| 3 | What Is Evidence (modified) | Ninth Circuit Model Jury Instruction No. 1.3 (2003 ed.) | 5 |
| 4 | What Is Not Evidence | Ninth Circuit Model Jury Instruction No.1 .4 (2003 ed.) | 6 |
| 5 | Evidence For Limited Purpose | Ninth Circuit Model Jury Instruction No. 1.5 (2003 ed.) | 7 |
| 6 | Direct and Circumstantial Evidence [modified to include example in comment to model instruction) | Ninth Circuit Model Jury Instruction No. 1.6 (2003 ed.) | 8 |
| 7 | Ruling on Objections | Ninth Circuit Model Jury Instruction No. 1.7 (2003 ed.) | 9 |
| 8 | Credibility of Witnesses | Ninth Circuit Model Jury Instruction No. 1.8 (2003 ed.) | 10 |
| 9 | Conduct of Jury | Ninth Circuit Model Jury Instruction No. 1.9 (2003 ed.) | 11 |
| 10 | Taking Notes | Ninth Circuit Model Jury Instruction NO. 1.11 (2003 3d.) | 12 |
| 11 | Outline of Trial | Ninth Circuit Model Jury Instruction No. 1.12 (2003 ed.) | 13 |
| 12 | Cautionary Instruction - First Recess | Ninth Circuit Model Jury Instruction No. 2.1 (2003 ed.) | 14 |
| 13 | Bench Conferences And Recesses | Ninth Circuit Model Jury Instruction No. 2.2 (2003 ed.) | 15 |

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 14 | Stipulations of Fact (modified to include the term "stipulated") | Ninth Circuit Model Jury Instruction No. 2.4 (2003 ed.) | 16 |
| 15 | Duties of Jury to Find Facts and Follow Law | Ninth Circuit Model Jury Instruction No. 3.1 (2003 ed.) | 17 |
| 16 | Charge Against Defendant Not Evidence, Presumption of Innocence, Burden of Proof | Ninth Circuit Model Jury Instruction No. 3.2 (2003 ed.) | 18 |
| 17 | Defendant's Decision to Testify | Ninth Circuit Model Jury Instruction No. 3.4 (2003 ed.) | 19 |
| 18 | Reasonable Doubt --Defined | Ninth Circuit Model Jury Instruction No. 3.5 (2003 ed.) | 20 |
| 19 | What is Evidence (modified) | Ninth Circuit Model Jury Instruction No. 3.6 (2003 ed.) | 21 |
| 20 | Direct and Circumstantial Evidence (modified to include example in comment to model instruction) | Ninth Circuit Model Jury Instruction No. 3.8 (2006 ed.) | 22 |
| 21 | Credibility of Witnesses | Ninth Circuit Model Jury Instruction No. 3.9 (2003 ed.) | 24 |
| 22 | Testimony of Witness Involving Special Circumstances -- Immunity, Benefits, Accomplice, Plea (modified to reflect facts of case) | Ninth Circuit Model Jury Instruction No. 4.9 (2003 ed.) | 25 |

| Number | Title | Source | Page |
|--------|-------|--------|------|
| 23 | Separate Consideration of Multiple Counts | Ninth Circuit Model Jury Instruction No. 3.12 (2003 ed.) | 26 |
| 24 | Statements by Defendant | Ninth Circuit Model Jury Instruction No. 4.1 (2003 ed. | 27 |
| 25 | The Question is Not Evidence | 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12.08 (5th ed. 2000) | 28 |
| 26 | Court's Comments to Counsel | 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 11.04 (5th ed. 2000) | 29 |
| 27 | Court's Questions to Witnesses | 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 11.05 (5th ed. 2000) | 30 |
| 28 | Objections & Rulings | 1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 11.03 (5th ed. 2000 | 31 |
| 29 | Evidence of Other Acts of Defendant or Acts and Statements of Others | Ninth Circuit Model Jury Instruction No. 3.10 (2003 ed.) | 32 |
| 30 | Activities Not Charged | Ninth Circuit Model Jury Instruction No. 3.11 (2003 ed.) | 33 |
| 31 | Reasonable Doubt--Defined | Ninth Circuit Model Jury Instruction No. 3.5 (2003) | 34 |
| 32 | What is Not Evidence | Ninth Circuit Model Jury Instruction No. 3.7 (2003 ed.) | 36 |
| 33 | Conspiracy | 18 U.S.C. § 371 | 37 |
| 34 | Conspiracy-- Elements (modified to reflects facts of case) | Ninth Circuit Model Jury Instruction No. 8.16 (2003) | 40 |

| Number | Title | Source | Page |
|---|---|---|---|
| 35 | "Overt Act" -- Defined (modified to remove redundancies with 9th Cir. Pattern) | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31.07 (5th ed. Supp. 2000) | 41 |
| 36 | Conspiracy -- Knowing of and Association with Other Conspirators | Ninth Circuit Model Jury Instruction No. 8.18 (2003 ed.) | 42 |
| 37 | Success of Conspiracy Immaterial | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31.08 (5th ed. 2000) | 43 |
| 38 | Statute Charged (IEEPA, Iranian Transactions Regulations, Iraqi Sanctions Regulations) | 50 U.S.C. §§ 1701, 1702, and 1705; 31 C.F.R. § 560.204 (Iranian Transactions Regulations); 31 C.F.R. § 575.411 (Iraqi Sanctions Regulations) | 44 |
| 39 | IEEPA, ITR (Elements of the Offense) | 50 U.S.C. §§ 1701-1706; 31 C.F.R. § 560.204 (Iranian Transactions Regulations) (cases cited) | 47 |
| 40 | IEEPA, ISR (Elements of the Offense) | 50 U.S.C. §§ 1701-1706 31 C.F.R. § 575.411 (Iraqi Sanctions Regulations) (cases cited) | 50 |
| 41 | Attempt (modified to reflect facts of case | Ninth Circuit Model Jury Instruction NO. 5.32 (2003 ed.) | 51 |
| 42 | Unanimity - Explained | See 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 40.15 (5th ed. 2000) | 52 |
| 43 | Agent of the Defendant (modified gender reference to reflects facts of case) | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 18.03 (5th ed. 2000) | 53 |

00

| Number | Title | Source | Page |
|---|---|---|---|
| 44 | Statute Charged (Causing An Act to Be Done) | 18 U.S.C. § 2(a) & (b) | 54 |
| 45 | Aiding and Abetting | Ninth Circuit Model Jury Instruction No. 5.1 (2005) | 55 |
| 46 | Conspiracy - Liability for Substantive Offense Committed by Co-conspirator (Pinkerton Charge ) (modified to reflect facts of case) | Ninth Circuit Model Jury Instruction No. 8.20 (2004) | 57 |
| 47 | Proof of Knowledge or Intent | 2B O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 622, § 17.07 (5th ed. 2000) | 58 |
| 48 | "On or About"-- Explained | O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 13.05 (5th ed. 2000) | 59 |
| 49 | Duty to Deliberate | Ninth Circuit Model Jury Instruction No. 7.1 (2003 ed.) | 60 |
| 50 | Consideration of Evidence | Ninth Circuit Model Jury Instruction No. 7.2 (2003 ed.) | 61 |
| 51 | Use of Notes | Ninth Circuit Model Jury Instruction No. 7.3 (2003 ed.) | 62 |
| 52 | Jury Consideration of Punishment | Ninth Circuit Model Jury Instruction No. 7.4 (2003 ed.) | 63 |
| 53 | Verdict form | Ninth Circuit Model Jury Instruction No. 7.5 (2003 ed.) | 64 |
| 54 | Communication with Court | Ninth Circuit Model Jury Instruction No. 7.6 (2003 ed.) | 65 |

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

| | | | |
|---|---|---|---|
| 1 | Conspiracy - Existence of Agreement (modified to remove redundancies with Ninth Circuit Pattern, contained in first three paragraphs of original instruction and to indicate count in the last paragraph. | O'Malley, Grenig & Lee, _Federal Jury Practice and Instructions_, § 31.04 (5th ed. Supp. 2000) | 67 |
| 2 | IEEPA, ITR (Elements of the Offense) | 50 U.S.C. §§ 1701-1706; 31 C.F.R. § 560.204 (Iranian Transactions Regulations) (cases cited) | 70 |
| 3 | IEEPA, ISR (Elements of the Offense) | 50 U.S.C. §§ 1701-1706 31 C.F.R. § 575.411 (Iraqi Sanctions Regulations) (cases cited) | 77 |
| | | | |

-vi-

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 1

Ladies and gentlemen:  You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions.  These are preliminary instructions.  At the end of the trial I will give you more detailed instructions.  Those instructions will control your deliberations.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

Ninth Circuit Model Jury Instruction No. 1.1 (2003 ed.)
[Duty of Jury]

3

COURT'S INSTRUCTION NO.____

JOINT PROPOSED INSTRUCTION NO. 2

This is a criminal case brought by the United States government.  The charges against the defendant are contained in the indictment.  Count One of the indictment charges the defendant Andrew Ward Freyer with conspiring to export, through an intermediary third country, valves from the United States to countries on which the United States had imposed a trade embargo, namely, Iran and Iraq, in violation of United States export control laws.  Counts Two, Three, and Four charge defendant with exporting, and causing the export of, valves from the United States to Iran, by way of Australia, in violation of the United States export control laws directed at Iran.  Counts Five and Six charge defendant with exporting, causing the export of, and attempting to export valves from the United States to Iraq, by way of England, in violation of the export control laws directed at Iraq.  The defendant has pleaded not guilty to the charges and is presumed innocent unless and until proved guilty beyond a reasonable doubt.  A defendant has the right to remain silent and never has to prove innocence or present any evidence.

Ninth Circuit Model Jury Instruction No. 1.2 (2003 ed.)
[The Charge - Presumption of Innocence] (Modified to reflect charges)

4

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 3

The evidence you are to consider in deciding what the facts are consists of:

        (1)  the sworn testimony of any witness;

        (2)  the exhibits which are to be received into evidence; and

        (3)  any facts to which all the lawyers stipulate [which are stipulated to].

Ninth Circuit Model Jury Instruction No. 1.3 (2003 ed.) [What is Evidence] (modified)

5

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 4

The following things are not evidence, and you must not consider them as evidence in deciding the facts of this case:

1.   Statements and arguments of the attorneys;

2.   Questions and objections of the attorneys;

3.   Testimony that I instruct you to disregard; and

4.   Anything you may see or hear when the court is not in session even if what you see or hear is done or said by one of the parties or by one of the witnesses

Ninth Circuit Model Jury Instruction No. 1.4 (2003 ed.)

[What is Not Evidence]

6

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 5

Some evidence is admitted for a limited  purpose only.  When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

Ninth Circuit Model Jury Instruction No. 1.5 (2003 ed.)

[Evidence For Limited Purpose]

7

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 6

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a chain of events from which you could find that another fact exists, even though it has not been proved directly.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You are to consider both kinds of evidence, direct and circumstantial. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Jury Instruction No. 1.6 (2003 ed.)
[Direct and Circumstantial Evidence] (modified to include example in comment to model instruction)

8

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 7

There are rules of evidence which control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer would have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence which I told you to disregard.

Ninth Circuit Model Jury Instruction No. 1.7 (2003 ed.)
[Ruling on Objections]

9

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 8

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

    1. The opportunity and ability of the witness to see or hear or know the things testified to;

    2. The witness' memory;

    3. The witness' manner while testifying;

    4. The witness' interest in the outcome of the case and any bias or prejudice;

    5. Whether other evidence contradicted the witness' testimony;

    6. The reasonableness of the witness' testimony in light of all the evidence; and

    7. Any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.

Ninth Circuit Model Jury Instruction No. 1.8 (2003 ed.)
[Credibility of Witnesses]

10

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 9

I will now say a few words about your conduct as jurors.

First, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately;

Second, do not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own;

Fourth, if you need to communicate with me simply give a signed note to the [bailiff] [clerk] [law clerk] [matron] to give to me; and

Fifth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.  Keep an open mind until then.

Ninth Circuit Model Jury Instruction No. 1.9 (2003 ed.)
[Conduct of the Jury]

11

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 10

If you wish, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note taking distract you so that you do not hear other answers by witnesses. When you leave, your notes should be left in the [court room] [jury room] [envelope in the jury room].

Whether or not you take notes, you should rely on your own memory of what was said.  Notes are only to assist your memory. You should not be overly influenced by the notes.

Ninth Circuit Model Jury Instruction No. 1.11 (2003 ed.)
[Taking Notes]

12

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 11

The next phase of the trial will now begin.  First, each side may make an opening statement.  An opening statement is not evidence.  It is simply an outline to help you understand what that party expects the evidence will show.  A party is not required to make an opening statement.

The government will then present evidence and counsel for the defendant may cross-examine.  Then, the defendant may present evidence and counsel for the government may cross-examine.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

Ninth Circuit Model Jury Instruction No. 1.12 (2003 ed.)
[Outline of Trial]

13

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 12

We are about to take our first break during the trial and I want to remind you of the instructions I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else, nor are you allowed to permit others to discuss the case with you. If anyone approaches you and tries to talk to you about the case, please let me know about it immediately. Do not read or listen to any news reports of the trial. Finally, you are reminded to keep an open mind until all the evidence has been received and you have heard the arguments of counsel, the instructions of the court, and the views of your fellow jurors.

If you need to speak with me about anything, simply give a signed note to the [marshal] [bailiff] [clerk] [matron] to give to me.

I will not repeat these admonitions each time we recess or adjourn, but you will be reminded of them on such occasions.

Ninth Circuit Model Jury Instruction No. 2.1 (2003 ed.)

[Cautionary Instruction - First Recess]

14

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 13

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess.  Most often these conferences will involve determination as to whether evidence is admissible under the rules of evidence.  It is appropriate to take these matters up outside the presence of the jury.  Should I conclude that a more prolonged discussion is necessary I may excuse you from the courtroom.

We will of course, do what we can to keep the number and length of these conferences to a minimum.  I may not always grant an attorney's request for a conference.  Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Ninth Circuit Model Jury Instruction No. 2.2 (2003 ed.)
[Bench Conferences And Recesses]

15

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 14

The parties have agreed and stipulated to certain facts that have been stated to you.  You should therefore treat these facts as having been proved.

**[If applicable]**

Ninth Circuit Model Jury Instruction No. 2.4 (2003 ed.)
[Stipulations of Fact] (modified to include the term "stipulated")

16

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 15

Members of the jury, now that you have heard all the evidence and the arguments of the attorneys, it is my duty to instruct you on the law which applies to this case. A copy of these instructions will be available in the jury room for you to consult if you find it necessary.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions or into anything the court may have said or done any suggestion as to what verdict you should return--that is a matter entirely up to you.

Ninth Circuit Model Jury Instruction No. 3.1 (2003 ed.)
[Duties of Jury To Find Facts And Follow Law]

17

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 16

The indictment is not evidence.  The defendant has pleaded not guilty to the charge.  The defendant is presumed to be innocent and does not have to testify or present any evidence to prove innocence.  The government has the burden of proving every element of the charges beyond a reasonable doubt.

Ninth Circuit Model Jury Instruction No. 3.2 (2003 ed.) [Charge Against Defendant Not Evidence, Presumption Of Innocence, Burden Of Proof]

18

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 17

The defendant has testified.  You should treat this testimony just as you would the testimony of any other witness.


*[To be given only if defendant chooses to testify]*


Ninth Circuit Model Jury Instruction No. 3.4 (2003 ed.)

[Defendant's Decision To Testify]

19

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 18

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilty beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Jury Instruction No. 3.5 (2003 ed.)
[Reasonable Doubt--Defined]

20

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 19

The evidence from which you are to decide what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which have been received into evidence; and

(3) any facts to which all the lawyers have stipulated [which are stipulated to].

Ninth Circuit Model Jury Instruction No. 3.6 (2003 ed.) [What Is Evidence] (modified).

21

COURT'S INSTRUCTION NO. ____

JOINT PROPOSED INSTRUCTION NO. 20

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may explain the water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

Ninth Circuit Model Jury Instruction No. 3.8 (2006 ed.) [Direct And Circumstantial Evidence] (modified to include example in comment to model instruction)

22

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 21

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

1.    The opportunity and ability of the witness to see or hear or know the things testified to;

2.    The witness' memory;

3.    The witness' manner while testifying;

4.    The witness' interest in the outcome of the case and any bias or prejudice;

5.    Whether the other evidence contradicted the witness' testimony;

6.    The reasonableness of the witness' testimony in light of all the evidence; and

7.    Any other factors that bear on believability.

Page One of Two Pages

23

1    The weight of the evidence as to a fact does not necessarily
2    depend on the number of witnesses who testify.
3    [You should consider the testimony of the defendant just as
4    you would the testimony of any other witness.]

25    Ninth Circuit Model Jury Instruction No. 3.9 (2003 ed.)
26    [Credibility of Witnesses]

Page Two of Two Pages

24

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 22

You have heard testimony from Sharon Kay Doe, a witness who expects to receive benefits from the government as part of her agreement to cooperate with the government in connection with her pleading guilty to crimes arising out of the same events for which defendant Andrew Ward Freyer is on trial.  This witness has admitted being an accomplice to the crimes charged.  An accomplice is one who voluntarily and intentionally joins with another person in committing a crime.  Her guilty plea is not evidence against defendant Andrew Ward Freyer, and you may consider it only in determining her believability.

For these reasons, in evaluating her testimony, you should consider the extent to which or whether her testimony may have been influenced by any of these factors.  In addition, you should examine her testimony with greater caution than that of other witnesses.

Ninth Circuit Model Criminal Jury Instruction No. 4.9 (2003 ed.) [Testimony of Witness Involving Special Circumstances -- Immunity, Benefits, Accomplice, Plea] (modified to reflect facts of case).

25

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 23

A separate crime is charged in each count.  You must decide each count separately.  Your verdict on one count should not control your verdict on any other count.

Ninth Circuit Model Jury Instruction No. 3.12 (2003 ed.)

[Separate Consideration Of Multiple Counts]

26

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 24

You have heard testimony that the defendant made statements. It is for you to decide (1) whether the defendant made the statements and (2) if so, how much weight to give to them.  In making those decisions, you should consider all of the evidence about the statements, including the circumstances under which a defendant may have made it.

Ninth Circuit Model Jury Instruction No. 4.1 (2003 ed.)

[Statements By Defendant]

27

COURT'S INSTRUCTION NO. \_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 25

The questions asked by a lawyer for either party to this case are not evidence.  If a lawyer asks a question of a witness which contains an assertion of fact, therefore, you may not consider the assertion by the lawyer as any evidence of that fact.  Only the answers are evidence.

1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 12.08 (5th Ed. 2000) [The Question Is Not Evidence]

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 26

It is the duty of the Court to admonish an attorney who, out of zeal for his or her cause, does something which I feel is not in keeping with the rules of evidence or procedure.

You are to draw absolutely no inference against the side to whom an admonition of the Court may have been addressed during the trial of this case.

1A O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 11.04 (5th ed. 2000) [Court's Comments to Counsel]

29

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 27

During the course of a trial, I may occasionally ask questions of a witness. Do not assume that I hold any opinion on the matters to which my questions may relate. The Court may ask a question simply to clarify a matter -- not to help one side of the case or hurt another side.

Remember at all times that you, as jurors, are the sole judges of the facts of this case.

1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 11.05 (5th ed. 2000) [Court's Questions to Witnesses]

30

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 28

It is the sworn duty of the attorney on each side of a case to object when the other side offers testimony or exhibits which that attorney believes is not properly admissible.  Only by raising an objection can a lawyer request and obtain a ruling from the Court on the admissibility of the evidence being offered by the other side.  You should not be influenced against an attorney or his client because the attorney has made objections.

Do not attempt, moreover, to interpret my rulings on objections as somehow indicating to you who I believe should win or lose the case.

1A O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 11.03 (5th ed. 2000) [Objections and Rulings]

31

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 29

You are here only to determine whether the defendant is guilty or not guilty of the charges in the indictment.  Your determination must be made only from the evidence in the case. The defendant is not on trial for any conduct or offense not charged in the indictment.  You should consider evidence about the acts, statements, and intentions of others, or evidence about other acts of the defendant, only as they relate to this charge against this defendant.

Ninth Circuit Model Jury Instruction No. 3.10 (2003 ed.) [Evidence Of Other Acts of Defendant Or Acts And Statements Of Others]

32

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 30

The defendant is on trial only for the crimes charged in the indictment, not for any other activities.

Ninth Circuit Model Jury Instruction No. 3.11 (2003 ed.)

[Activities Not Charged]

33

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 31

Proof beyond a reasonable doubt is proof that leaves you firmly convinced that the defendant is guilty. It is not required that the government prove guilty beyond all possible doubt.

A reasonable doubt is a doubt based upon reason and common sense and is not based purely on speculation. It may arise from a careful and impartial consideration of all the evidence, or from lack of evidence.

If after a careful and impartial consideration with your fellow jurors of all the evidence, you are not convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant not guilty. On the other hand, if after a careful and impartial consideration of all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty, it is your duty to find the defendant guilty.

Ninth Circuit Model Jury Instruction No. 3.5 (2003 ed.)
[Reasonable Doubt--Defined]

34

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 32

In reaching your verdict you may consider only the testimony and exhibits received into evidence.  Certain things are not evidence and you may not consider them in deciding what the facts are.  I will list them for you:

1.   Arguments and statements by lawyers are not evidence. The lawyers are not witnesses.  Therefore, what lawyers say in their opening statements, closing arguments, or while examining witnesses, for example, is intended to help you interpret the evidence, but it is not evidence.  If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

2.   Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

Page One of Two Pages

35

3.    Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.   In addition some testimony and exhibits have been received only for a limited purpose; where I have given a limiting instruction, you must follow it.

4.    Anything you may have seen or heard when the court was not in session is not evidence.   You are to decide the case solely on the evidence received at the trial.

Ninth Circuit Model Jury Instruction No. 3.7 (2003 ed.)

[What Is Not Evidence]

Page Two of Two Pages

36

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 33

Count One charges defendant with conspiracy to commit an offense against the United States, namely, to export, attempt to export, and cause the export of valves from the United States to countries on which the United States had imposed a trade embargo, namely, Iran and Iraq, through a third country, in violation of Title 18, United States Code, Section 371.  Section 371 provides in part, as follows:

> If two or more persons conspire . . . to commit any offense against the United States . . . and one or more of such persons do any act to effect the object of the conspiracy, each shall be [guilty of an offense against the United States].

18 U.S.C. § 371

37

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 34

The defendant is charged in Count One of the indictment with conspiring to export, through an intermediary third country, valves from the United States to countries on which the United States had imposed a trade embargo, namely, Iran and Iraq, in violation of United States export control laws.  In order for the defendant to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, beginning in or about August 2000 and continuing until in or about May 2003, there was an agreement between two or more persons to commit at least one crime as charged in Count One of the indictment;

Second, the defendant became a member of the conspiracy knowing of at least one of its objects and intending to help accomplish it; and

Third, one of the members of the conspiracy performed at least one overt act for the purpose of carrying out the conspiracy, with all of you agreeing on a particular overt act that you find was committed.

I shall discuss with you briefly the law relating to each of these elements.

Page One of Three Pages

38

1    A conspiracy is a kind of criminal partnership -- an
2  agreement of two or more persons to commit one or more crimes.
3  The crime of conspiracy is the agreement to do something
4  unlawful; it does not matter whether the crime agreed upon was
5  committed.

6    For a conspiracy to have existed, it is not necessary that
7  the conspirators made a formal agreement or that they agreed on
8  every detail of the conspiracy.  It is not enough, however, that
9  they simply met, discussed matters of common interest, acted in
10  similar ways, or perhaps helped one another.  You must find that
11  there was a plan to commit at least one of the crimes alleged in
12  the indictment as an object of the conspiracy with all of you
13  agreeing as to the particular crime which the conspirators agreed
14  to commit.

15    One becomes a member of a conspiracy by willfully
16  participating in the unlawful plan with the intent to advance or
17  further some object or purpose of the conspiracy, even though the
18  person does not have full knowledge of all the details of the
19  conspiracy.  Furthermore, one who willfully joins an existing
20  conspiracy is as responsible for it as the originators.  On the
21  other hand, one who has no knowledge of a conspiracy, but happens
22  to act in a way which furthers some object or purpose of the
23  conspiracy, does not thereby become a conspirator.  Similarly, a
24  person does not become a conspirator merely by associating with
25  one or more persons who are conspirators, nor merely by knowing
26  that a conspiracy exists.

27

28                        Page Two of Three Pages

                              39

An overt act does not itself have to be unlawful. A lawful act may be an element of a conspiracy if it was done for the purpose of carrying out the conspiracy. The government is not required to prove that a defendant personally did one of the overt acts.

Ninth Circuit Model Jury Instruction No. 8.16 (2003) [Conspiracy -- Elements] (modified to reflects facts of case).

Page Three of Three Pages

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 35

The term "overt act" means some type of outward, objective action performed by one of the parties to or one of the members of the agreement or conspiracy which evidences that agreement.

Although you must unanimously agree that the same overt act was committed, the government is not required to prove more than one of the overt acts charged.

The overt act may, but for the alleged illegal agreement, appear totally innocent and legal.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31.07 (5th ed. Supp. 2000) ["Overt Act" -- Defined] (modified to remove redundancies with 9th Cir. Pattern)

41

COURT'S INSTRUCTION NO. ____

JOINT PROPOSED INSTRUCTION NO. 36

A conspiracy may continue for a long period of time and may include the performance of many transactions. It is not necessary that all members of the conspiracy join it at the same time, and one may become a member of a conspiracy without full knowledge of all the details of the unlawful scheme or the names, identities, or locations of all of the other members.

Even though a defendant did not directly conspire with other conspirators in the overall scheme, the defendant has, in effect, agreed to participate in the conspiracy if it is proved beyond a reasonable doubt that:

(1) the defendant directly conspired with one or more conspirators to carry out the object of the conspiracy,

(2) the defendant knew or had reason to know that other conspirators were involved with those with whom the defendant directly conspired, and

(3) the defendant had reason to believe that whatever benefits the defendant might get from the conspiracy were probably dependent upon the success of the entire venture.

It is no defense that a person's participation in a conspiracy was minor or for a short period of time.

Ninth Circuit Model Jury Instruction No. 8.18 (2003 ed.)
[Conspiracy -- Knowing of and Association with Other Conspirators]

42

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 37

The government is not required to prove that the parties to or members of the alleged agreement or conspiracy were successful in achieving any or all of the objects of the agreement or conspiracy.

O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 31.08 (5th ed. 2000) [Success of Conspiracy Immaterial]

43

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 38

Counts Two through Four and Counts Five and Six of the
indictment charge defendant with violations of the United States
export control laws, in violation of Title 50, United States
Code, Sections 1701 through 1705.  Those sections provide, in
part, that the President of the United States may promulgate
regulations which regulate or prohibit the exportation of
property in which any foreign country or foreign national has an
interest.  This power may be exercised after the President
declares a national emergency to deal with any unusual and
extraordinary threat to the national security, foreign policy or
economy of this country which has its source in whole or in
substantial part outside the United States.  Anyone who willfully
violates any order or regulation issued under this chapter shall
be guilty of an offense under the laws of the United States.

The Iranian Transactions Regulations were promulgated after
the President of the United States declared a national emergency
to deal with the threat from Iran.

The Iraqi Sanctions Regulations were promulgated after the
President of the United States declared a national emergency to
deal with the threat from Iraq.

Title 50 U.S.C. §§ 1701, 1702, and 1705 (International
Emergency Economic Powers Act ("IEEPA"));
31 C.F.R. § 560.204 (Iranian Transactions Regulations);
31 C.F.R. § 575.411 (Iraqi Sanctions Regulations)

44

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 39

Counts Two through Four of the indictment charge the defendant with specific instances of willfully exporting certain valves from the United States to Iran, by way of Australia, in violation of the United States export control laws, namely, the International Emergency Economic Powers Act and the Iranian Transactions Regulations directed against Iran.

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1.    that the defendant exported or caused to be exported goods from the United States to Iran, by way of Australia;

2.    that the defendant did so willfully, that is, voluntarily and intentionally in violation of a known legal duty;

3.    that the defendant knew or had reason to know that those goods were intended for delivery to Iran or to a person in a third country for supply, transshipment, or reexportation, directly or indirectly, to Iran; and

4.    the necessary license from the Office of Foreign Assets Control was not obtained before exporting the goods.

Page One of Three Pages

45

1       An export is the act of sending or carrying goods and
2   merchandise from one country to another. It is not necessary,
3   however, for the government to prove that the goods actually
4   arrived in the country to which they were being sent.

5       An act is done willfully if it is committed with knowledge
6   that such conduct is unlawful. The government must prove beyond
7   a reasonable doubt that the conduct alleged of the defendant --
8   that is, the export of goods originating in the United States to
9   a party in a third country, with knowledge that the party in the
10  third country would in turn export or reexport the goods to Iran
11  -- was undertaken with the defendant's knowledge that the exports
12  were unlawful. The government must prove that the defendant
13  engaged in that conduct with the intent to violate a known legal
14  duty, that is, with knowledge of the illegality of his conduct.
15  I am instructing you that at all times relevant to this case, it
16  was unlawful to export valves from the United States to Iran,
17  either directly or indirectly through a third country, without
18  prior approval in the form of a license issued by the Office of
19  Foreign Assets Control in the Department of the Treasury.

20

21  50 U.S.C. §§ 1701-1706 (IEEPA); 31 C.F.R. § 560.204 (Iranian
22      Transactions Regulations); Bryan v. United States, 524 U.S.
23      184, 190, 193, 196 (1998) (definition of willfulness);
24      United States v. Murphy, 852 F.2d 1, 7 (1st Cir. 1988);
25      United States v. Tsai, 954 F.2d 155, 160 n.3 & n.4, 162 (3d
26      Cir. 1992) (willfulness requires knowledge that the export
27                Page Two of Three Pages

28

1   was illegal, but not that defendant knew all of the
2   specifics of the law or read the law); <u>United States v.</u>
3   <u>Quinn</u>, 403 F. Supp. 2d 57, 66 (D.D.C. 2005) (same);
4   <u>United States v. Homa Int'l Trading Corp.</u>, 387 F.3d 144, 147
5   (2d Cir. 2004) (same); <u>United States v. Brodie</u>, 403 F.3d
6   123, 147 (3d Cir. 2005) (same); <u>United States v. Tooker</u>, 957
7   F.2d 1209, 1214 (5th Cir. 1992) (same); <u>United States v.</u>
8   <u>Beck</u>, 615 F.2d 441, 449-50 (7th Cir. 1980) (same); <u>United</u>
9   <u>States v. Lizarraga-Lizarraga</u>, 541 F.2d 826, 828-29 (9th
10  Cir. 1976) (same); <u>United States v. Dien Duc Huynh</u>, 246 F.3d
11  734, 740-42 (5th Cir. 2001) (definition of export and
12  definition of willfulness)

Page Three of Three Pages

47

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 40

Counts Five and Six of the indictment charge the defendant with specific instances of willfully exporting and attempting to export certain valves from the United States to Iraq, by way of England, in violation of the United States export control laws, namely, the International Emergency Economic Powers Act and the Iraqi Sanctions Regulations directed against Iraq.

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1.  that the defendant exported or caused to be exported or attempted to export or cause to be exported goods from the United States to Iraq, by way of England;

2.  that the defendant did so willfully, that is, voluntarily and intentionally in violation of a known legal duty;

3.  that the defendant knew or had reason to know that those goods were intended for transshipment and delivery to Iraq; and

4.  the necessary license from the Office of Foreign Assets Control was not obtained before exporting the goods.

Page One of Three Pages

48

1    An export is the act of sending or carrying goods and
2  merchandise from one country to another.  It is not necessary,
3  however, for the government to prove that the goods actually
4  arrived in the country to which they were being sent.

5    An act is done willfully if it is committed with knowledge
6  that such conduct is unlawful.  The government must prove beyond
7  a reasonable doubt that the conduct alleged of the defendant --
8  that is, the export of goods originating in the United States to
9  a party in a third country, with knowledge that the party in the
10  third country would in turn export or reexport the goods to Iraq
11  -- was undertaken with the defendant's knowledge that the exports
12  were unlawful.  The government must prove that the defendant
13  engaged in that conduct with the intent to violate a known legal
14  duty, that is, with knowledge of the illegality of his conduct.
15  I am instructing you that at all times relevant to this case, it
16  was unlawful to export valves from the United States to Iraq,
17  either directly or indirectly through a third country, without
18  prior approval in the form of a license issued by the Office of
19  Foreign Assets Control in the Department of the Treasury.

20

21    50 U.S.C. §§ 1701-1706 (IEEPA); 31 C.F.R. § 575.411 (Iraqi
22    Sanctions Regulations); Bryan v. United States, 524 U.S.
23    184, 190, 193, 196 (1998) (definition of willfulness);
24    United States v. Murphy, 852 F.2d 1, 7 (1st Cir. 1988);
25    United States v. Tsai, 954 F.2d 155, 160 n.3 & n.4, 162 (3d
26    Cir. 1992) (willfulness requires knowledge that the export

27

28                    Page Two of Three Pages

1  was illegal, but not that defendant knew all of the

2  specifics of the law or read the law);  United States v.

3  Quinn, 403 F. Supp. 2d 57, 66 (D.D.C. 2005) (same); United

4  States v. Homa Int'l Trading Corp., 387 F.3d 144, 147 (2d

5  Cir. 2004) (same); United States v. Brodie, 403 F.3d 123,

6  147 (3d Cir. 2005) (same); United States v. Tooker, 957 F.2d

7  1209, 1214 (5th Cir. 1992) (same); United States v. Beck,

8  615 F.2d 441, 449-50 (7th Cir. 1980) (same); United States

9  v. Lizarraga-Lizarraga, 541 F.2d 826, 828-29 (9th Cir. 1976)

10  (same); United States v. Dien Duc Huynh, 246 F.3d 734,

11  740-42 (5th Cir. 2001) (definition of export and definition

12  of willfulness)

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  Page Three of Three Pages

50

COURT'S INSTRUCTION NO. \_\_\_\_\_

JOINT PROPOSED INSTRUCTION NO. 41

The defendant is charged in Counts Five and Six of the indictment with both committing a violation of the United States export control laws, namely, the International Emergency Economic Powers Act and the Iraqi Sanctions Regulations directed against Iraq and attempting to do so.

In order for the defendant to be found guilty of attempting to commit a violation of this offense, the government must prove each of the following elements beyond a reasonable doubt:

1.  The defendant intended to commit a violation of violation of the United States export control laws, namely, the International Emergency Economic Powers Act and the Iraqi Sanctions Regulations directed against Iraq; and

2.  the defendant did something which was a substantial step toward committing the crime, with all of you agreeing as to what constituted the substantial step.

It is a crime to commit a violation of the International Emergency Economic Powers Act and the Iraqi Sanctions Regulations directed against Iraq.

Mere preparation is not a substantial step toward the commission of a violation of the Iraqi Sanctions Regulations.

Ninth Circuit Model Jury Instruction No. 5.3 (2003 ed.) [Attempt] (modified to reflect facts of case)

51

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 42

Counts Five and Six charge the defendant with specific instances of willfully exporting, or causing to be exported, and attempting to export, or causing to be attempted to export, certain valves from the United States to Iraq, by way of England, in violation of the United States export control laws about which I have previously instructed.  In order to convict the defendant of the crimes alleged in Counts Five and Six, however, the government must prove only that the defendant engaged in one or the other type of conduct, that is that defendant either exported the valves or attempted to export the valves.  Nevertheless, in order to convict the defendant of the crimes alleged in Counts Five and Six, you must unanimously agree on the type of conduct specified in Counts Five and Six in which the defendant engaged. In other words, you must unanimously agree that the defendant either willfully: (1) exported, or caused to be exported, certain valves from the United States to Iraq, by way of England, in violation of the United States export control laws; or (2) that he attempted to export, or caused to be attempted to be exported, certain valves from the United States to Iraq, by way of England, in violation of the United States export control laws.

See 2A O'Malley, Grenig and Lee, Federal Jury Practice and Instructions, § 40.15 (5th ed. 2000) (Unanimity – Explained)

52

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 43

In order to sustain its burden of proof on the counts in the indictment it is not necessary for the government to prove that defendant personally did every act constituting the offense charged.

As a general rule, whatever any person is legally capable of doing himself, he can do through another acting as his agent.

So, if the acts or conduct of another is deliberately ordered or directed by a defendant or deliberately authorized or consented to by a defendant, then the law holds that defendant responsible for such acts or conduct just the same as if personally done by him.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 18.03 (5th ed. 2000) [Agent of the Defendant] (modified gender reference to reflects facts of case).

53

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 44

The defendant is also charged in Counts Two through Six of the indictment as an aider and abettor and also as having willfully caused the acts.  The statute, Title 18, United States Code, Section 2, provides as follows:

>(a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

>(b) Whoever willfully causes an act to be done which if directly performed by him . . . would be an offense against the United States is punishable as a principal.

18 U.S.C. § 2(a) & (b)

54

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 45

A defendant may be found guilty of the crimes charged in Counts Two through Six, even if the defendant personally did not commit the act or acts constituting the crime but aided and abetted in its commission.  To prove a defendant guilty of aiding and abetting, the government must prove beyond a reasonable doubt:

First, the charged crime was committed by someone;

Second, the defendant knowingly and intentionally aided, counseled, commanded, induced or procured that person to commit each element of the charged crime; and

Third, the defendant acted before the crime was completed.

It is not enough that the defendant merely associated with the person committing the crime, or unknowingly or unintentionally did things that were helpful to that person, or was present at the scene of the crime.

The evidence must show beyond a reasonable doubt that the defendant acted with the knowledge and intention of helping that person commit the crime charged.

The government is not required to prove precisely which defendant actually committed the crime and which defendant aided and abetted.

Ninth Circuit Model Jury Instruction No. 5.1 (2005) [Aiding and Abetting].

55

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 46

Each member of the conspiracy is responsible for the actions of the other conspirators performed during the course and in furtherance of the conspiracy.  If one member of a conspiracy commits a crime in furtherance of a conspiracy, the other members have also, under the law, committed that crime.

Therefore, you may find the defendant guilty of exporting valves to Iran and Iraq through a third country in violation of the export control laws, as charged in Counts Two through Four and Counts Five and Six, if the government has proved each of the following elements beyond a reasonable doubt:

1.   a person named in Count One of the indictment committed the crime as charged;

2.   the person was a member of the conspiracy charged in Count One of indictment;

3.   the person committed the charged crime in furtherance of the conspiracy;

4.   the defendant Andrew Ward Freyer was a member of the same conspiracy at the time the offense charged in Counts Two through Four and Counts Five and Six were committed; and

Page One of Two Pages

56

5.   the offense fell within the scope of the unlawful
     agreement and could reasonably have been foreseen to be
     a necessary or natural consequence of the unlawful
     agreement.

**[To be given, if appropriate.  Defendant requests the
Court to defer ruling on giving this instruction until
the evidence is heard]**

Ninth Circuit Model Jury Instruction No. 8.20
(2004)[Conspiracy - Liability for Substantive Offense
Committed by Co-conspirator (Pinkerton Charge)] (modified to
reflect facts of case)

Page Two of Two Pages

57

COURT'S INSTRUCTION NO. ___

JOINT PROPOSED INSTRUCTION NO. 47

The intent of a person or the knowledge that a person possesses at any given time may not ordinarily be proved directly because there is no way of directly scrutinizing the workings of the human mind.  In determining the issue of what a person knew or what a person intended at a particular time, you may consider any statements made or acts done or omitted by that person and all other facts and circumstances received in evidence which may aid in your determination of that person's knowledge or intent.

You may infer, but you are certainly not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is entirely up to you, however, to decide what facts to find from the evidence received during this trial.

2B O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, 622, § 17.07 (5th ed. 2000) [Proof of Knowledge or Intent]

58

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 48

The indictment charges that the offense alleged was committed "on or about" a certain date.

Although it is necessary for the government to prove beyond a reasonable doubt that the offenses was committed on a date reasonably near the date alleged in Counts One through Six, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions § 13.05 (5th ed. 2000) ["On or About"-- Explained]

59

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 49

When you retire, you should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict, whether guilty or not guilty, must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Ninth Circuit Model Jury Instruction No. 7.1 (2003 ed.)
[Duty to Deliberate]

60

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 50

Your verdict must be based solely on the evidence and on the law as I have given it to you in these instructions.  However, nothing that I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

Ninth Circuit Model Jury Instruction No. 7.2 (2003 ed.)
[Consideration of Evidence]

61

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 51

Some of you have taken notes during the trial.  Whether or not you took notes, you should rely on your own memory of what was said.  Notes are only to assist your memory.  You should not be overly influenced by the notes.

Ninth Circuit Model Jury Instruction No. 7.3 (2003 ed.)

[Use Of Notes]

62

1          COURT'S INSTRUCTION NO. _____

2        JOINT PROPOSED INSTRUCTION NO. 52

3     The punishment provided by law for this crime is for the

4  court to decide.  You may not consider punishment in deciding

5  whether the government has proved its case against the defendant

6  beyond a reasonable doubt.

27     Ninth Circuit Model Jury Instruction No. 7.4 (2003 ed.)

28     [Jury Consideration of Punishment]

63

COURT'S INSTRUCTION NO. _____

JOINT PROPOSED INSTRUCTION NO. 53

A verdict form has been prepared for you.  [Any explanation of the verdict form may be given at this time.]  After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the bailiff that you are ready to return to the courtroom.

Ninth Circuit Model Jury Instruction No. 7.5 (2003 ed.)
[Verdict Form]

64

1   COURT'S INSTRUCTION NO. _____

2   JOINT PROPOSED INSTRUCTION NO. 54

3   If it becomes necessary during your deliberations to
4   communicate with me, you may send a note through the bailiff,
5   signed by your foreperson or by one or more members of the jury.
6   No member of the jury should ever attempt to communicate with me
7   except by a signed writing; and I will communicate with any
8   member of the jury on anything concerning the case only in
9   writing, or here in open court. [If you send out a question, I
10  will consult with the parties before answering it, which may take
11  some time.  You may continue your deliberations while waiting for
12  the answer to any question.]  Remember that you are not to tell
13  anyone--including me--how the jury stands, numerically or
14  otherwise, on the question of guilt of the defendant, until after
15  you have reached a unanimous verdict or have been discharged.

27  Ninth Circuit Model Jury Instruction No. 7.6 (2003 ed.)
28  [Communication With Court]

65

1
2
3
4
5          DISPUTED JURY INSTRUCTIONS
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

(to follow Joint Proposed Instruction No. 36)

To prove the existence of a conspiracy or an illegal agreement, the government is not required to produce a written contract between the parties or even produce evidence of an express oral agreement spelling out all of the details of the understanding.  To prove that a conspiracy existed, moreover, the government is not required to show that all of the people named in the indictment as members of the conspiracy were, in fact, parties to the agreement, or that all of the members of the alleged conspiracy were named or charged, or that all of the people whom the evidence shows were actually members of a conspiracy agreed to all of the means or methods set out in the indictment.

Unless the government proves beyond a reasonable doubt that a conspiracy, actually existed, then you must acquit the defendant of Count One.

O'Malley, Grenig & Lee, Federal Jury Practice and Instructions, § 31.04 (5th ed. Supp. 2000) [Conspiracy – Existence of Agreement] (modified to remove redundancies with Ninth Circuit Pattern, contained in first three paragraphs of original instruction and to indicate count in the last paragraph).

67

DEFENDANT'S OBJECTION TO GOVERNMENT'S PROPOSED INSTRUCTION NO. 1

Defendant states that the instruction is "argumentative, unnecessary."

GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO GOVERNMENT'S
PROPOSED INSTRUCTION NO. 1

The instruction proposed by the government is a standard instruction given to explain the existence of an agreement in a conspiracy case.  The instruction accurately tracks a standard instruction from O'Malley, Grenig & Lee, <u>Federal Jury Practice and Instructions</u>, § 31.04 (5th ed. Supp. 2000) [Conspiracy – Existence of Agreement].  The instruction is not argumentative.  The instruction is specifically modified to remove redundancies with other Ninth Circuit Pattern conspiracy instructions, contained in first three paragraphs of original O'Malley instruction.  The instruction provides relevant law that is not provided by the other instructions dealing with conspiracy (for example, it is not necessary to prove that all members of the alleged conspiracy were named or charged).  The instruction is therefore not unnecessary.

1 COURT'S INSTRUCTION NO. _____

2 GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

3 (to replace Joint Proposed Instruction No. 40)

4 Counts Two through Four of the indictment charge the
5 defendant with specific instances of willfully exporting certain
6 valves from the United States to Iran, by way of Australia, in
7 violation of the United States export control laws, namely, the
8 International Emergency Economic Powers Act and the Iranian
9 Transactions Regulations directed against Iran.

10 The essential elements of this offense, each of which the
11 government must prove beyond a reasonable doubt, are:

12     1.    that the defendant exported or caused to be
13            exported goods from the United States to
14            Iran, by way of Australia;

15     2.    that the defendant did so willfully, that is,
16            voluntarily and intentionally in violation of
17            a known legal duty;

18     3.    that the defendant knew or had reason to know
19            that those goods were intended for delivery
20            to Iran or to a person in a third country for
21            supply, transshipment, or reexportation,
22            directly or indirectly, to Iran; and

23     4.    the necessary license from the Office of
24            Foreign Assets Control was not obtained
25            before exporting the goods.

26

27

28 Page One of Three Pages

An export is the act of sending or carrying goods and merchandise from one country to another. It is not necessary, however, for the government to prove that the goods actually arrived in the country to which they were being sent.

An act is done willfully if it is committed with knowledge that such conduct is unlawful. The government must prove beyond a reasonable doubt that the conduct alleged of the defendant -- that is, the export of goods originating in the United States to a party in a third country, with knowledge that the party in the third country would in turn export or reexport the goods to Iran -- was undertaken with the defendant's knowledge that the exports were unlawful. The government must prove that the defendant engaged in that conduct with the intent to violate a known legal duty, that is, with knowledge of the illegality of his conduct. I am instructing you that at all times relevant to this case, it was unlawful to export valves from the United States to Iran, either directly or indirectly through a third country, without prior approval in the form of a license issued by the Office of Foreign Assets Control in the Department of the Treasury.

Page Two of Three Pages

1   While the government must show that the defendant knew that
2   his conduct was illegal, it is not necessary for the government
3   to prove that the defendant had read, was aware of, or had
4   consulted the specific regulations governing his activities.

5
6
7
8       50 U.S.C. §§ 1701-1706 (IEEPA); 31 C.F.R. § 560.204 (Iranian
9       Transactions Regulations); Bryan v. United States, 524 U.S.
10      184, 190, 193, 196 (1998) (definition of willfulness);
11      United States v. Murphy, 852 F.2d 1, 7 (1st Cir. 1988);
12      United States v. Tsai, 954 F.2d 155, 160 n.3 & n.4, 162 (3d
13      Cir. 1992) (willfulness requires knowledge that the export
14      was illegal, but not that defendant knew all of the
15      specifics of the law or read the law); United States v.
16      Quinn, 403 F. Supp. 2d 57, 66 (D.D.C. 2005) (same); United
17      States v. Homa Int'l Trading Corp., 387 F.3d 144, 147 (2d
18      Cir. 2004) (same); United States v. Brodie, 403 F.3d 123,
19      147 (3d Cir. 2005) (same); United States v. Tooker, 957 F.2d
20      1209, 1214 (5th Cir. 1992) (same); United States v. Beck,
21      615 F.2d 441, 449-50 (7th Cir. 1980) (same); United States
22      v. Lizarraga-Lizarraga, 541 F.2d 826, 828-29 (9th Cir. 1976)
23      (same); United States v. Dien Duc Huynh, 246 F.3d 734,
24      740-42 (5th Cir. 2001) (definition of export and definition
25      of willfulness)

26
27
28              Page Three of Three Pages

DEFENDANT'S OBJECTION TO GOVERNMENT'S PROPOSED INSTRUCTION NO. 2

Defendant objects to only the final sentence of this instruction, and states that it is an "argumentative, pinpoint instruction."

1   GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO GOVERNMENT'S
2   PROPOSED INSTRUCTION NO. 2
3        The law, and the instructions, on willfulness is critical to
4   the case.  This instruction duplicates agreed-upon joint
5   instruction No. 39 (dealing with Iranian Transactions
6   Regulations), except for the final sentence which defendant
7   objects to.  Defendant only objects to the instruction insofar as
8   the final sentence states that "[w]hile the government must show
9   that the defendant knew that his conduct was illegal, it is not
10  necessary for the government to prove that the defendant had
11  read, was aware of, or had consulted the specific regulations
12  governing his activities."
13       This sentence is an accurate and necessary statement of the
14  law defining willfulness.  In <u>Bryan v. United States</u>, 524 U.S.
15  184 (1998), the Supreme Court addressed the government's burden
16  of proof for showing willfulness in connection with the statute
17  that prohibits individuals from dealing in firearms without a
18  federal license.  The Court held that the "willfulness
19  requirement of [the firearms licensing statute] does not carve
20  out an exception to the traditional rule that ignorance of the
21  law is no excuse; knowledge that the conduct is unlawful is all
22  that is required."  <u>Bryan</u>, 524 U.S. at 196.  It upheld the
23  following jury instruction: "Now, the person need not be aware of
24  the specific law or rule that his conduct may violating.  But he
25  must act with the intent to do something that the law forbids."
26  <u>Bryan</u>, 524 U.S. at 190.  Even in his dissent in <u>Bryan</u>, Justice
27  Scalia stated: "I have no quarrel with Court's assertion that
28  "willfully" in § 924(a)(1)(D) requires only 'general' knowledge

74

1  of the illegality -- in the sense that the defendant need not be
2  able to recite chapter and verse from Title 18 of the United
3  States Code."  Bryan, 524 U.S. at 202.  Thus, the Court did not
4  require the government to prove that defendant need be aware of
5  the specific regulations covering his conduct.

6     More recently, in United States v. Brodie, 403 F.3d 123 (3d
7  Cir. 2005), a prosecution involving the embargo against Cuba,
8  that court stated:

9        In the context of the [Trading with the Enemy Act], the
10        specific intent requirement demands that the government
11        prove that a defendant had general knowledge of the law
12        which forbade his actions and acted with the specific intent
13        to circumvent that law.  But the government need not prove
14        the defendant had knowledge of the *specific regulation*
15        governing the conduct engaged in  -- in other words, a
16        defendant "cannot 'avoid' prosecution by claiming that [he
17        or she] had not brushed up on the law."  Brodie, 403 F.3d at
18        147 (quoting United States v. Tooker, 957 F.2d 1209, 1214
19        (5th Cir. 1992).

20     In Tooker, the court also held that the government "need not
21  show that appellants had knowledge of the specific regulations
22  governing transactions with Vietnamese nationals."  Tooker, 957
23  F.2d at 1214.  Similarly, in United States v. Tsai, 954 F.2d 155,
24  160 n.3 & n.4, 162 (3d Cir. 1992), the court stated that "[i]f
25  the defendant knew that the export was in violation of the law,
26  we are hard pressed to say that it matters what the basis of that
27  knowledge was."

28

75

1    Finally, in <u>United States v. Murphy</u>, 852 F.2d 1, 7 (1st Cir.
2  1988), the court upheld a jury instruction that stated, in part,
3  "Thus, while the government must show that a defendant knew that
4  the exportation of firearms and munitions in this case was
5  illegal, it is not necessary for the government to show that the
6  defendants were aware of or had consulted the United States
7  Munitions List or the licencing and registration provisions of
8  the Arms Export Control Act and its regulations."
9    Based on the above-referenced case law, the government
10 believes that the government proposed instruction is a correct
11 statement of the law, is not argumentative, and should be given.

76

COURT'S INSTRUCTION NO. _____

GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

(to replace Joint Proposed Instruction No. 41)

Counts Five and Six of the indictment charge the defendant with specific instances of willfully exporting and attempting to export certain valves from the United States to Iraq, by way of England, in violation of the United States export control laws, namely, the International Emergency Economic Powers Act and the Iraqi Sanctions Regulations directed against Iraq.

The essential elements of this offense, each of which the government must prove beyond a reasonable doubt, are:

1.    that the defendant exported or caused to be exported or attempted to export or cause to be exported goods from the United States to Iraq, by way of England;

2.    that the defendant did so willfully, that is, voluntarily and intentionally in violation of a known legal duty;

3.    that the defendant knew or had reason to know that those goods were intended for transshipment and delivery to Iraq; and

4.    the necessary license from the Office of Foreign Assets Control was not obtained before exporting the goods.

Page One of Three Pages

77

1   An export is the act of sending or carrying goods and
2   merchandise from one country to another.  It is not necessary,
3   however, for the government to prove that the goods actually
4   arrived in the country to which they were being sent.

5   An act is done willfully if it is committed with knowledge
6   that such conduct is unlawful.  The government must prove beyond
7   a reasonable doubt that the conduct alleged of the defendant --
8   that is, the export of goods originating in the United States to
9   a party in a third country, with knowledge that the party in the
10  third country would in turn export or reexport the goods to Iraq
11  -- was undertaken with the defendant's knowledge that the exports
12  were unlawful.  The government must prove that the defendant
13  engaged in that conduct with the intent to violate a known legal
14  duty, that is, with knowledge of the illegality of his conduct.
15  I am instructing you that at all times relevant to this case, it
16  was unlawful to export valves from the United States to Iraq,
17  either directly or indirectly through a third country, without
18  prior approval in the form of a license issued by the Office of
19  Foreign Assets Control in the Department of the Treasury.

20
21
22
23
24
25
26
27
28              Page Two of Three Pages

1   While the government must show that the defendant knew that his
2   conduct was illegal, it is not necessary for the government to
3   prove that the defendant had read, was aware of, or had consulted
4   the specific regulations governing his activities.

5
6
7
8       50 U.S.C. §§ 1701-1706 (IEEPA); 31 C.F.R. § 575.411 (Iraqi
9       Sanctions Regulations); Bryan v. United States, 524 U.S.
10      184, 190, 193, 196 (1998) (definition of willfulness);
11      United States v. Murphy, 852 F.2d 1, 7 (1st Cir. 1988);
12      United States v. Tsai, 954 F.2d 155, 160 n.3 & n.4, 162 (3d
13      Cir. 1992) (willfulness requires knowledge that the export
14      was illegal, but not that defendant knew all of the
15      specifics of the law or read the law); United States v.
16      Quinn, 403 F. Supp. 2d 57, 66 (D.D.C. 2005) (same); United
17      States v. Homa Int'l Trading Corp., 387 F.3d 144, 147 (2d
18      Cir. 2004) (same); United States v. Brodie, 403 F.3d 123,
19      147 (3d Cir. 2005) (same); United States v. Tooker, 957 F.2d
20      1209, 1214 (5th Cir. 1992) (same); United States v. Beck,
21      615 F.2d 441, 449-50 (7th Cir. 1980) (same); United States
22      v. Lizarraga-Lizarraga, 541 F.2d 826, 828-29 (9th Cir. 1976)
23      (same); United States v. Dien Duc Huynh, 246 F.3d 734,
24      740-42 (5th Cir. 2001) (definition of export and definition
25      of willfulness)
26                      Page Three of Three Pages
27
28

                            79

DEFENDANT'S OBJECTION TO GOVERNMENT'S PROPOSED INSTRUCTION NO. 3

Defendant objects to only the final sentence of this instruction, and states that it has the same objection as with the government's proposed instruction No. 2, in that the final sentence is "argumentative" and "not an appropriate instruction to be given to a jury."

80

GOVERNMENT'S RESPONSE TO DEFENDANT'S OBJECTION TO GOVERNMENT'S
PROPOSED INSTRUCTION NO. 3

As stated above, the law, and the instructions, on willfulness is critical to the case.  This instruction duplicates agreed-upon joint instruction No. 40 (dealing with Iraqi Sanctions Regulations), except for the final sentence which defendant objects to.  Defendant has the same objection to this instruction as he does to government's proposed instruction No. 2.  The government's response and authority in support of this instruction (government's proposed instruction No. 3) is therefore the same answer as the government explained with regard to the government's proposed instruction No. 2.

81